IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOSHUA DONTAE CUMMINGS                                                                    PLAINTIFF
ADC # 172826

V.                          Case No. 4:24-CV-00998-JM-BBM

ARKANSAS DEPARTMENT OF
CORRECTIONS, Cummins Unit, East
Building Max; GARY MUSSELWHITE,
DHO, Warden, Cummins Unit; and
CUMMINS UNIT, East Building                                                               DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**I.     INTRODUCTION**

On November 15, 2024, Plaintiff Joshua Dontae Cummings ("Cummings"), a prisoner in the Cummins Unit of the Arkansas Division of Correction ("ADC"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. (Doc. 2). He names the ADC, Warden Gary Musselwhite, and the Cummins Unit as Defendants. *Id.* at 1–2. Before Cummings may

proceed with this action, the Court must screen his claims in accordance with the Prison Litigation Reform Act ("PLRA").[1] 28 U.S.C. § 1915A(a).

## II. ALLEGATIONS

According to Cummings, Cummins Unit employees conspire to violate the ADC grievance policy. (Doc. 2 at 4–5). More specifically, he claims the officers have a "buddy system" and "hesitate" to sign grievances against other officers. *Id.* at 4. Consequently, it takes "DAYS" for him to get a grievance signed. *Id.* (emphasis in original). On one occasion, "MULTIPLE" officers walked past "grievances clearly sticking out [his] window." *Id.* at 5 (emphasis in original). He alleges the ADC and Cummins Unit are liable because they employ the offending officers. *Id.* And, Warden Musselwhite is liable because the Warden received notice of the issue, but the "problems kept going on." *Id.*

Cummings sues Defendants in their individual and official capacities. (Doc. 2 at 2). He seeks monetary damages. *Id.* at 5.

## III. DISCUSSION

To survive pre-service screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid

---

[1] The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

of further factual enhancement" are insufficient to plead a plausible claim. *Id.* And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citation omitted).

Cummings's only claim is that he was delayed access to the ADC grievance procedure. It is well-settled that "a prison grievance procedure is a procedural right only [and] does not confer any substantive [constitutional] right upon the inmates." *Buckley*, 997 F.2d at 495 (citation omitted); *see also Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002). Therefore, Cummings fails to plead a plausible claim for relief, and it is recommended that his Complaint be dismissed without prejudice.

**IV.   CONCLUSION**

After careful consideration of Cummings's Complaint, (Doc. 2), the Court finds that Cummings fails to state a claim upon which relief may be granted.

IT IS THEREFORE RECOMMENDED THAT:

1.   Cummings's Complaint, (Doc. 2), be DISMISSED without prejudice.

2.   The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); *see Gonzalez v. United States*, 23 F.4th 788, 789 (8th Cir.), *cert. denied*, 142 S. Ct. 2837 (2022).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation and the accompanying judgment would not be taken in good faith.

DATED this 22nd day of November, 2024.

*Benecia Moore*
_____
UNITED STATES MAGISTRATE JUDGE